Filed 10/7/22  P. v. Fausto CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DOLORES FAUSTO, Defendant and Appellant. | F083985 (Super. Ct. No. DF016485A) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Marcos R. Camacho, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Smith, J.

Appointed counsel for defendant Dolores Fausto asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

On October 13, 2021, the Kern County District Attorney charged defendant with obstructing or resisting McFarland Police Officer Colin Newhouse on October 9, 2021. (Pen. Code, § 69; count 1).

On December 8, 2021, defendant pled no contest to the sole count in exchange for two years of felony probation with one year of jail time and the dismissal of case No. DF016409A.

On January 31, 2022, the trial court suspended imposition of sentence and granted defendant two years of probation with one year of jail time, as agreed.

On February 4, 2022, defendant filed a motion to withdraw his plea on the ground that Newhouse had been charged with possessing unlawful weapons when he was on duty on January 1, 2022, almost a month after defendant pled no contest. Specifically, defendant's motion stated that Newhouse had been charged "for allegedly possessing unlawful weapons while on duty (and performing his duties as a law enforcement officer) on January 1, 2022, wherein during a traffic stop, seven officers—including, among others, … Newhouse—at the scene fired at the driver of the vehicle. This is clearly *Brady*[1] material. Hence, [defendant] should be able to withdraw his plea and [the] previously imposed sentence[] must be vacated."

On February 17, 2022, the trial court denied the motion.

---

[1]     *Brady v. United States* (1970) 397 U.S. 742.

2.

On February 23, 2022, defendant filed a notice of appeal and the trial court granted his request for a certificate of probable cause.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.